FILED'05 SEP 28 13:06USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER R. McLEAN, | Civ. No. 05-560-AA |
| Petitioner, | OPINION AND ORDER |
| v. | |
| FEDERAL BUREAU OF PRISONS, HARRY LAPPIN, in his official capacity as Director of Bureau of Prisons, and ALBERTO GONZALES, in his official capacity as United States Attorney General, | |
| Respondents. | |

AIKEN, Judge:

Petitioner filed a Petition for Writ of Mandamus seeking an order that requires the Bureau of Prisons (BOP) to rescind the termination of the Shock Incarceration Program (Program) and consider petitioner's eligibility for participation in the Program. Respondents move to dismiss the petition on grounds that a writ of mandamus is not the proper avenue for relief, petitioner lacks standing, and the BOP has the authority to terminate the Program.

1    - OPINION AND ORDER

## BACKGROUND

On June 16, 2004, petitioner pled guilty to one count of distributing over 100 pounds of marijuana in violation of 21 U.S.C. § 841(a). On December 16, 2004, the court sentenced petitioner to thirty months imprisonment and recommend commitment "to [Intensive Confinement Center], Lompoc, CA or Sheridan, OR if the defendant is otherwise qualified as determined by the policies of the Bureau of Prisons." Judgment, p. 2. Since his sentencing, the court has granted petitioner several extensions of time in which to self-surrender to the U.S. Marshals Office.

On April 22, 2005, plaintiff filed a civil petition for writ of mandamus based on the BOP's termination of the Program, and its presumed refusal to place petitioner at an Intensive Confinement Center. The case was assigned to Judge Hogan and subsequently transferred to the undersigned judge.

On April 25, 2005, petitioner filed a motion to enforce judgment, or in the alternative to correct, modify or vacate his sentence under 28 U.S.C. § 2255.[1]

On May 26, 2005, this court held a status conference and set a briefing schedule on the motions, scheduled oral argument, and granted petitioner an extension of time in which to self-surrender.

On August 8, 2005, the court heard oral argument on the

---

[1]That motion is addressed in a separate Opinion and Order filed in CR-03-30066-AA.

2   - OPINION AND ORDER

government's motion to dismiss the petition and the motion filed under § 2255. The government's motion to dismiss the petition is granted.

## DISCUSSION

Petitioner filed his petition for writ of mandamus under 28 U.S.C. § 1361, which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Petitioner seeks to compel the BOP to administer the Shock Incarceration Program authorized under 18 U.S.C. § 4046. Petitioner argues that this duty is owed to him as a federal prisoner qualified for placement in the Program.

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998); see also Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003).

Here, mandamus relief is not appropriate, because other means are available to obtain the relief petitioner seeks. Petitioner could have filed a civil suit seeking declaratory and injunctive relief or challenged the execution of his sentence under 28 U.S.C.

§ 2241. Moreover, the court granted petitioner's motion under 28 U.S.C. § 2255 and vacated his sentence. Consequently, there now exists no judicial recommendation for placement within the Program, and the petition for writ of mandamus is therefore moot.

## CONCLUSION

Respondent's Motion to Dismiss (doc. 17) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 27 day of September, 2005.

                    _____
                           Ann Aiken
                    United States District Judge